**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VALVINA ALVAREZ SANCHEZ; RICARDO JIMENEZ ALVAREZ, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   20-73484 <br><br> Agency Nos.   A201-221-987 <br> A201-221-989 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2021**

Before:     CANBY, TASHIMA, and MILLER, Circuit Judges.

Valvina Alvarez Sanchez and Ricardo Jimenez Alvarez, natives and citizens

of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order

summarily affirming an immigration judge's ("IJ") decision denying their motion

to continue and their application for asylum and withholding of removal.  Our

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id.* at 1241. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider petitioners' contentions regarding the IJ's denial of their motion to continue because they did not raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency); *Zara v. Ashcroft*, 383 F.3d 927, 931 (9th Cir. 2004) (concluding the exhaustion requirement applies to "streamlined" decisions in which the BIA affirms the IJ's decision without opinion). We reject as unsupported by the record petitioners' contention that the BIA failed to address relevant case law in its analysis of the motion to continue where petitioners did not raise any argument as to that motion in their brief to the BIA, including any contention of relevant law to consider.

The BIA did not err in concluding that petitioners failed to establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of

2                                                                                          20-73484

members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Substantial evidence supports the agency's determination that petitioners otherwise failed to establish that they would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

In light of this disposition, we need not reach petitioners' remaining contentions, including whether the agency erred in finding the social group was improperly defined by the harm suffered. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Thus, petitioners' asylum and withholding of removal claims fail.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**